**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN** (SBN: 277557)
  mtrauben@singhtraubenlaw.com
**THOMAS K. RICHARDS** (SBN: 310209)
  trichards@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

***Attorneys for Plaintiff***
JOHN FURGASON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FURGASON, an individual, | ) Case No.: **2:26-cv-7197** |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR:** |
| | ) |
| v. | ) **1. COPYRIGHT INFRINGEMENT** |
| | ) **(17 U.S.C. § 501)** |
| TOM SACHS, an individual; and DOES 1 | ) |
| through 10, inclusive, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff JOHN FURGASON ("**Plaintiff**" or "**Furgason**"), by and through his undersigned counsel, brings this action against Defendant TOM SACHS ("**Sachs**") and DOES 1 through 10, inclusive (collectively, "**Defendants**"), and alleges as follows:

## INTRODUCTION

1.    This is an action for copyright infringement arising from Defendant Sachs's unauthorized commercial reproduction and exploitation of Plaintiff Furgason's original artistic and literary work entitled "*Ten Bullets*" (the "**Work**"). In 2005, Furgason created the Work on his own time and with his own materials. The centerpiece of the Work is a distinctive, hand-drawn graphic consisting of ten bullets appearing beneath the hand-

1
COMPLAINT

lettered heading "X. Persistence" (the "**Ten Bullets Artwork**"). Furgason is the sole author and owner of the copyright in the Work, which is registered with the United States Copyright Office under Registration No. TXu 2-534-347.

2.     Defendant Sachs has never obtained any assignment or written license from Furgason and has never paid him any compensation. Furgason provided Sachs with only a single physical copy of the Work in 2005 solely for internal studio reference. Sachs has grossly exceeded the scope of that limited permission by reproducing and commercially exploiting the Ten Bullets Artwork for years through zine sales and, most recently and egregiously, through the Tom Sachs x Nike I.S.R.U. Uniform Collection launched in February 2026. Through this action, Furgason seeks to recover his actual damages and Sachs's profits attributable to the infringement, together with injunctive relief preventing further unauthorized exploitation of his work.

## THE PARTIES

3.     Plaintiff John Furgason is, and at all relevant times was, an individual residing in Los Angeles County, California.

4.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Sachs is an individual residing in New York, New York, who maintains a studio and place of business in New York City. As alleged below, Sachs regularly conducts business in and purposefully directs commercial activities into the State of California, including this District.

5.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and for the harm suffered by Plaintiff.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28

SINGH,
SINGH &
TRAUBEN,
LLP

2

COMPLAINT

U.S.C. §§ 1331 and 1338(a) because the claims arise under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

7.    This Court has personal jurisdiction over Sachs because he has purposefully directed infringing and commercial activities into the State of California and this District. Sachs operates an interactive commercial website (store.tomsachs.com) through which he markets, offers for sale, sells, and ships infringing copies of the Work to consumers in California. The Tom Sachs x Nike I.S.R.U. Uniform Collection bearing the Ten Bullets Artwork is also marketed and sold to consumers in California. Sachs knew that Furgason resides in California, and the injury caused by the infringement was suffered by Furgason in this District. The claims asserted herein arise out of and relate to those California-directed contacts.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Sachs is subject to personal jurisdiction in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims, including the marketing, sale, and distribution of infringing products, occurred in this District.

## **ALLEGATIONS COMMON TO ALL COUNTS**

9.    In 2005, Furgason created the Work, consisting of ten original, hand-lettered philosophical directives and accompanying original artwork, including the distinctive hand-drawn Ten Bullets Artwork appearing beneath the heading "X. Persistence." Furgason created the Work on his own time, using his own materials, and not within the scope of any employment or assigned duties.

10.    The Work is wholly original to Furgason and constitutes copyrightable subject matter under 17 U.S.C. § 102(a). The earliest copies of the Work bear the handwritten notation "© 2005 Tom Sachs + John Furgason — Fifty copies."

11.    Furgason is the holder of a Certificate of Registration issued by the United States Copyright Office for the Work, titled "Ten Bullets," bearing Registration No. TXu 2-534-347, with an effective date of registration of March 17, 2026. The registration identifies Furgason as the sole author and sole copyright claimant of the "text" and

"artwork" comprising the Work, and excludes from the claim "text by Tom Sachs" and "photograph(s)." Pursuant to 17 U.S.C. § 410(c), the registration constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit "A"**.

12.     Furgason has never assigned his copyright in the Work, never executed any work-made-for-hire agreement, and never granted any written or exclusive license to Sachs or anyone else. Any transfer of copyright ownership or grant of an exclusive license is invalid absent a signed writing. 17 U.S.C. § 204(a). Furgason provided Sachs with only a single physical copy of the Work in 2005 solely for internal studio reference. That limited delivery did not authorize global commercial exploitation, the creation of derivative merchandise, or collaborations with third parties such as Nike. Furgason has never received any compensation, royalty, or licensing fee for any use of the Work. To the extent any implied, non-exclusive license ever arose, it was narrowly limited in scope, has been grossly exceeded, and has been revoked.

13.     Defendant Sachs has repeatedly and publicly acknowledged that Furgason authored the Work. In a recorded and widely disseminated 2013 interview, Sachs publicly credited Furgason with creating "*Ten Bullets*" as a graduation gift. Sachs's own commercial product listing for the zine on his website likewise attributes the Work to Furgason.

14.     For years, Defendant Sachs has reproduced the Work as a printed "zine" and has offered it for sale and sold it to the public through his commercial website at store.tomsachs.com, including a "Seventh Edition" bearing a "Publication © 2024" notice. The product listing represents that the zine constitutes the "first public distribution" of writings that were, "until now, … available as a studio document for internal use only."

15.     In or about February 2026, Sachs launched the Tom Sachs x Nike I.S.R.U. Uniform collection, which prominently reproduces the Ten Bullets Artwork on apparel and merchandise, including t-shirts bearing an embroidered patch that copies Furgason's distinctive row of ten hand-drawn bullets. The collection is marketed and sold to the public

SINGH,
SINGH &
TRAUBEN,
LLP

4

COMPLAINT

through Nike's retail channels and through Sachs's own store at retail prices ranging from approximately $35 to $350. A true and correct side-by-side comparison of Furgason's original 2005 Ten Bullets Artwork and the version currently used on apparel and merchandise in the Tom Sachs x Nike I.S.R.U. Uniform Collection is attached hereto as **Exhibit "B"**.

16.    The infringing products reproduce protected, original expression from the Ten Bullets Artwork and are substantially similar to it — indeed, strikingly similar. The minor alterations Sachs introduced do not alter the fundamental originality of the underlying Work and instead confirm copying.

17.    Sachs's reproduction, distribution, public display, and preparation of derivative works based on the Work were undertaken without Furgason's authorization and exceeded any permission Furgason ever extended.

18.    Defendant Sachs acted willfully and with knowledge of, or reckless disregard for, Furgason's rights. Despite his long-standing knowledge and repeated public acknowledgments of Furgason's authorship, Sachs reproduced and commercially exploited the Work, including through a high-profile global apparel collaboration with Nike, without any inquiry into Furgason's ownership rights and without securing any license or permission.

19.    Before commencing this action, Furgason, through counsel, notified Sachs in writing of the infringement and demanded that he cease the infringing conduct and account for his use of the Work. Sachs, through counsel, acknowledged receipt, but the parties have been unable to resolve the dispute.

20.    As a direct and proximate result of Sachs's infringement, Furgason has suffered and continues to suffer damages, and Sachs has obtained and continues to obtain profits, in amounts to be proven at trial. Sachs's infringement is continuing and, unless enjoined, will continue to cause Furgason irreparable injury for which there is no adequate remedy at law.

///

SINGH, SINGH & TRAUBEN, LLP

5

COMPLAINT

## COUNT I
## <u>COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)</u>
### (*As Against All Defendants*)

21.  Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 20 above as if fully set forth herein.

22.  Furgason owns a valid and subsisting copyright in the Work, which is original and constitutes copyrightable subject matter, and which is registered with the United States Copyright Office under Registration No. TXu 2-534-347.

23.  Through the conduct alleged above, Sachs has infringed, and continues to infringe, Furgason's exclusive rights under 17 U.S.C. § 106, including the rights to reproduce the Work (§ 106(1)), to prepare derivative works based upon the Work (§ 106(2)), to distribute copies of the Work to the public (§ 106(3)), and to display the Work publicly (§ 106(5)), by, among other things, reproducing the Ten Bullets Artwork on zines and on apparel and merchandise, distributing and selling those copies to the public, and publicly displaying the Work in connection with the marketing and sale of those products.

24.  Sachs's infringement was undertaken without Furgason's authorization, exceeded the scope of any license, and was willful within the meaning of the Copyright Act.

25.  As a direct and proximate result of Sachs's infringement, Furgason has been damaged and Sachs has profited. Furgason is entitled to recover his actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial. Furgason is further entitled to a permanent injunction pursuant to 17 U.S.C. § 502 and to the impoundment and disposition of infringing articles pursuant to 17 U.S.C. § 503.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff John Furgason respectfully requests that this Court enter judgment in his favor and against Defendant Tom Sachs and DOES 1 through 10, inclusive, as follows:

SINGH, SINGH & TRAUBEN, LLP

a.   For Plaintiff's actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial;

b.   For a permanent injunction pursuant to 17 U.S.C. § 502 restraining Defendant and all those acting in concert with him from reproducing, distributing, publicly displaying, or preparing derivative works based upon the Work;

c.   For the impoundment and destruction or other reasonable disposition of all infringing copies and articles pursuant to 17 U.S.C. § 503;

d.   For an accounting of all revenues and profits derived by Defendant from the infringing products;

e.   For prejudgment and post-judgment interest as allowed by law;

f.   For Plaintiff's costs of suit incurred herein; *and*

g.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: July 1, 2026                    Respectfully Submitted,

SINGH, SINGH & TRAUBEN, LLP
MICHAEL A. TRAUBEN


By:   /s/ Michael A. Trauben
         Michael A. Trauben

*Attorneys for Plaintiff*
JOHN FURGASON

COMPLAINT